IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN O'NEAL | : | |
| | : | |
| Petitioner | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  06-CV-5136 |
| TROY LEVI, et al. | : | |
| | : | |
| Respondents | : | |

**ORDER**

AND NOW, this 6th day of March, 2008, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, and after review of the Report and Recommendation of United States Magistrate Judge L. Felipe Restrepo, and any objections filed thereto, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED as a second or successive petition[1];

---

[1] The Report and Recommendation (R&R) presents a thorough and detailed analysis of the issues presented in this case, and concludes petitioner's instant petition is a second or successive petition, and that no showing of "cause and prejudice" or a "miscarriage of justice" was made to allow additional review on the merits.  The Court has determined the conclusions presented in the R&R provide ample justification to overrule petitioner's objections, and writes only to clarify and emphasize certain points discussed in the R&R and to briefly address petitioner's objections.

Although subsequent re-arrests for violations of petitioner's special parole occurred after the denial of his initial writ of habeas corpus filed in the Eastern District of North Carolina ("EDNC"), "a different factual basis or argument asserted to support the same legal theory advanced previously does not constitute a new ground for relief and is successive."  Campbell v. Blodgett, 997 F.2d 512, 515 (9th Cir. 1992) (citing Sanders v. United States, 373 U.S. 1 (1963)).  As noted in the R&R, both petitioner's prior and present habeas petition raise identical legal arguments challenging the Parole Commission's authority to return him to special parole after his original term of special parole was converted to regular parole.  Accordingly, the legality of petitioner's detention has previously been determined by "a judge or court of the United States on a prior application for a writ of habeas corpus," and the merits of the present petition should not be reviewed.  28 U.S.C. § 2244(a); see also Hall v. Williamson, No. 06-2456, 2007 WL 1455875, at *3 (M.D. Pa. May 11, 2007).

Further, petitioner has not made a showing of "cause and prejudice" by failing to present new facts to justify raising his claim a second time.  First, he fails to point to an intervening change in the law between the filing of his prior and present petitions.  While there is a split among the circuits as to whether the Parole Commission may return

3.	There is no basis on which to issue a certificate of appealability.

IT IS FURTHER ORDERED that judgment is entered on behalf of respondents and against petitioner.  The Clerk of Court shall close this matter for statistical purposes.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.

---

a parolee to special parole after a conversion to regular parole, the split is irrelevant since this Court, sitting in the Eastern District of Pennsylvania, cannot review the previous decision of the District Court in the EDNC.  This split does not present an intervening change in the law.  The only change in law to which petitioner can point is the law applied by the district judge in the EDNC and the governing law in the Third Circuit.  Regardless of how petitioner came to reside in the Eastern District of Pennsylvania, he cannot end run the denial of a petition for writ of habeas corpus from a district judge in another jurisdiction by simply refiling the same petition in this district.  The legal basis for his claim is identical to that raised in his petition in the EDNC, and his subsequent re-arrest in the Eastern District of Pennsylvania for violation of his special parole cannot be considered "new facts" requiring another adjudication on the merits.  Therefore, he is unable to show "cause and prejudice" to allow a second review of the same claim.

Finally, failure to review petitioner's claims will not result in a miscarriage of justice, which generally applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (quoting Murry v. Carrier, 447 U.S. 478, 496 (1986).  The fact that petitioner violated his special parole in a different judicial district than where his previous habeas petition was adjudicated does not present another opportunity to raise the identical legal arguments.  Consequently, failure to address his arguments on the merits does not result in a miscarriage of justice.  Doctrines of federal comity and judicial economy, in addition to 28 U.S.C. § 2244(a), caution against such duplicative proceedings.  To do so would put this Court in the position of acting as appellate court of the District Court for the Eastern District of North Carolina.  If petitioner did not believe his previous petition was adjudicated properly, the appropriate avenue of relief would have been to file a motion for reconsideration with the district court or an appeal to the Fourth Circuit Court of Appeals.  This Court is not in a position to review the determination of our sister court.

Accordingly, petitioner presents a second or successive petition for habeas corpus and he fails to show "cause and prejudice" or a "miscarriage of justice" which would allow this Court to review the merits of his claim a second time.